**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JALECIA MOSLEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:21-cv-01699-L** |
| | § | _____ |
| **LIBERTY MUTUAL,** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S
BILL OF COSTS**

NOW COMES Plaintiff in the above referenced action, and file this her Objections to Defendant's Bill of Costs (Doc. No. 55), and in support thereof would show the Court as follows:

I.

**Introduction**

Defendant seeks to recover costs in the total amount of $8,051.14.  The Court has the discretion to decline to award certain costs, and may not tax expenses that are not expressly listed in 28 U.S.C. § 1920.  *Crawford Fitting Co. v. JT Gibbons, Inc.*, 482 U.S. 437, 442 (1987); *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993), *cert. denied,* 510 U.S. 1195 (1994); *Embotelladora Agral Regiomontana v. Sharp Central*, 952 F.Supp. 415 (N.D. Tex. 1997). The costs statute provides that the prevailing party may recover: (1) fees for the Clerk and Marshal, (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses;  (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees

Plaintiff's Objections to Defendant's Bill of Costs - Page 1

under § 1923; and (6) compensation of court appointed experts and interpreters, and salaries, fees, expenses, and costs of special interpretation services under §1828.  *See* 28 U.S.C. § 1920.

## II.

## Argument

### A.    Depositions.

Defendant has included in its Bill of Costs $5,966.01 for depositions and copies of depositions for the depositions of Jalecia Mosley, Virginia L. Bennett and Allyson E. Jay. Determination of whether such transcripts were necessary is required before an award may be approved.  *Coats*, 5 F.3d at 891; s*ee also Migis v. Pearle Vision, Inc.*, 135 F.3d 1041 (5th Cir. 1998).  Aside from the Plaintiff's deposition, without a detailed explanation of how the deposition was necessary and used in the case, it is impossible for the Clerk to make a reasoned ruling on whether these costs are recoverable.  *See Berryman v. Hofbauer*, 161 F.R.D. 341 (E.D. Mich. 1995); *Corsair Asset Management v. Moskovits*, 142 F.R.D. 347-351-54 (N.D. Ga. 1992). No such explanation was provided.

Two of the deponents were management or former management employees represented by Defendant's attorneys, namely Virginia Bennett and Allyson Jay. Thus, defense counsel had access to the original transcripts for the witnesses, who had the right to read and sign the depositions. *See* Fed. R. Civ. P. 30(e).  Since copies of the transcripts were not "necessary," the general rule applies that expenses incident to preparing a party's case for trial are not recoverable.  *Miller v. Mission*, 516 F.Supp. 1333 (D. Kan. 1981).  This includes expenses for miscellaneous trial materials, photocopying expenses, the copy of a party's deposition, and the expense of any audio-visual aids.  *Id.*  Where an expense was not strictly necessary, but was obtained merely for the convenience of counsel, it is not recoverable.  *See, Fogleman v.*

*ARAMCO (Arabian Am. Oil Co.),* 920 F.2d 278, 286 (5th Cir. 1991)("Additional charges incurred merely for the convenience of one party's counsel should not be taxed to the other."); *United States v. Kolesar*, 313 F.2d 835, 840 (5th Cir. 1963)(rejecting rule that copies of depositions are never recoverable because they can be inspected at the courthouse, but requiring individual determination).

Further, all three deposition invoices reflect that the high cost of the transcripts was due at least in part to "expedited delivery" charges and/or rates. Plaintiff should not be required to shoulder this additional expense.

### B.    Printing.

Costs of photocopies necessarily obtained for use in the litigation are recoverable upon proof of necessity. 28 U.S.C. § 1920(4); *see Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). The prevailing party need not "identify every xerox copy made for use in the course of legal proceedings." *Fogleman*, 920 F.2d at 286. However, it must demonstrate some nexus between the costs incurred and the litigation. *Id*. Charges for multiple copies of documents, attorney correspondence, and other such items are not recoverable. *Id*. *Interstate Contr. Corp. v. City of Dallas*, 2002 U.S. Dist. LEXIS 1496, 14-15 (N.D. Tex. Jan. 31, 2002). Defendant must also establish the rate for the copying was reasonable, and explain any additional charges. Here, Defendant provides nothing but a bill with no supporting affidavit, no explanation for why color copies were allegedly necessary for virtually everything at a cost of 75 cents per page when black and white copies could be obtained for 10 cents per page, what was copied, or how the documents fell under the category of those allowed to be recovered as costs. The costs should be denied in their entirety absent further details. *See, Garonzik v. Whitman Diner*, 910 F.Supp. 167, 172 (D.N.J.1995) (disallowing entire amount of copying costs sought based on prevailing party's

failure to present sufficient proof that the copies amounted to taxable costs as defined by the governing local rule); *Romero v. CSX Transp., Inc*., 270 F.R.D. 199, 204 (D.N.J. 2010).

**C.**      **Awarding Costs Unfairly Discourages Assertion of Rights.**

Although Rule 54(d) directs that costs shall be awarded to the prevailing party, it contains the caveat, "unless the court otherwise directs." Fed. R. Civ. P. 54(d).  Rule 54(d) thus confers on the district court the discretion not to award costs to a prevailing party.  *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. Tex. 1985).  The Court should decline to award costs in this case for danger that such an award will deter plaintiffs in the future from asserting their civil rights..

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays the Clerk and the Court deny Defendant's Bill of Costs.

**Plaintiff's Objections to Defendant's Bill of Costs - Page 4**

Respectfully submitted,

KILGORE & KILGORE, PLLC


By: _/s/ John H. Crouch, IV_____
        JOHN H. CROUCH, IV.
        State Bar No.  00783906
        jhc@kilgorelaw.com

KILGORE LAW CENTER
3141 Hood Street, Suite 500
Dallas, TX  75219
(214) 969-9099 - Telephone
(214) 953-0133 - Fax

**ATTORNEYS FOR PLAINTIFF
JALECIA MOSLEY**


### Certificate of Service

I hereby certify that on this 28th day of February, 2023, a true and correct copy of this document was sent to the following:

**Via ECF**
Courtney Barksdale Perez          cperez@carterarnett.com
Monica Litle Goff                 mgoff@carterarnett.com
CARTER ARNETT PLLC
8150 N. Central Expressway, Suite 500
Dallas, Texas 75206


                                _/s/ John H. Crouch, IV_____
                                **JOHN H. CROUCH, IV**