IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JALECIA MOSLEY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIV. ACTION NO. 3:21-cv-01699-L |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| *Defendant*. | § | |

**DEFENDANT LIBERTY MUTUAL'S RESPONSE TO PLAINTIFF JALECIA
MOSLEY'S OBJECTIONS TO DEFENDANT'S BILL OF COSTS**

Defendant Liberty Mutual Insurance Company ("Liberty Mutual") responds to Plaintiff

Jalecia Mosley's Objections to Defendant's Bill of Costs [ECF No. 56] and respectfully shows as

follows:

### I.     RELEVANT FACTUAL BACKGROUND

1.     On February 9, 2023, the Court granted Defendant's Motion for Summary

Judgment and dismissed Plaintiff's action with prejudice, disposing of all of Plaintiff's claims.

[ECF No. 53]. That same day, the Court entered judgment for Liberty Mutual that Plaintiff take

nothing on her claims and taxing all costs against Plaintiff [ECF No. 54].

2.     In consideration of the Court's Order and Judgment, Liberty Mutual submitted its

Bill of Costs on February 28, 2023, requesting that it recover certain costs incurred for a total

amount of $8,051.14, pursuant to 28 U.S.C. § 1920. (Doc. 55). Among these costs, Liberty Mutual

is sought to recover $5,966.01 incurred for fees for printed or electronically recorded transcripts

necessarily obtained for use pursuant to 28 U.S.C. § 1920(2) and $2,066.38 printing fees pursuant to 28 U.S.C. § 1920(3).[1]

3.      Plaintiff objects to the Bill of Costs for seeking recovery of these deposition transcripts and printing fees and further maintains that costs should not be awarded here at all. Liberty Mutual addresses each of Plaintiff's objections to its Bill of Costs below.

## II.      ARGUMENT & AUTHORITIES

### A.  The Court Should Award All Deposition Costs.

Plaintiff objects that the deposition transcripts of Plaintiff Jalecia Mosley (noticed by Liberty Mutual) and two fact witnesses involved in investigations into Jalecia Mosley, Allyson Jay and Virginia Bennett, (noticed by Plaintiff) were unnecessary. District courts within Texas routinely permit the recovery of fees for both printed and electronically recorded deposition transcripts. *See, e.g.*, *Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 976 (S.D. Tex. 2011) (awarding costs for both transcripts where the court found they were necessary for trial prep); *see also Beauty Mfg. Sols. Corp. v. Ashland, Inc.*, Civ. Action No. 3:10-CV-2638, 2012 WL 4341814, at *8 (N.D. Tex. Aug. 19, 2012) (overruling objections to and awarding costs for video depositions.); *Nilesh Enters., Inc. v. Lawyers Title Ins. Corp.*, SA-08-CV-661-XR, 2010 WL 2671728, at * 3 (W.D. Tex. July 1, 2010) (awarding the costs of paper transcript of a deposition). That said, Plaintiff is correct that they are recoverable only if they are necessary for use in the case. *See, e.g.*, *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998); *Berryman v. Hofbauer*, 161 F.R.D. 341, 344–45 (E.D. Mich. 1995); *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993). This means, that "[i]f, at the time it was taken, a deposition could reasonably be

---

[1] Liberty Mutual also sought $18.75 pursuant to 28 U.S.C. § 1920(4) for copies of Plaintiff's unemployment records from the Texas Workforce Commission. Plaintiff has not lodged an objection to these costs, so Liberty Mutual does not address this cost in this response.

expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party." *Woodberry v. Dallas Area Rapid Transit*, No. 3:14-CV-03980-L, 2017 WL 1408826, at *1–2 (N.D. Tex. Apr. 20, 2017) (quoting *Fogelman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991)).

At the time these depositions were taken, Liberty Mutual reasonably expected to use Plaintiff's deposition testimony and the two Liberty Mutual employees who investigated the complaints at issue in support of its motion for summary judgment and, if necessary, at trial. *See* Courtney Barksdale Perez Declaration ("Perez Decl."), attached as Exhibit A, at ¶¶ 4, 7–8. Indeed, Liberty Mutual used all three deposition transcripts in its appendix for its motion for summary judgment. Perez Decl. at ¶¶ 4, 7–8.

Moreover, Allyson Jay and Virginia Bennett's transcripts are presumptively reasonable as those depositions were noticed by Plaintiff. Perez Decl. at ¶¶ 7–8. *See Murphy v. Verizon Commc'ns, Inc.*, No. 3:09-cv-2262-G, 2015 WL 1647371, at *2 (N.D. Tex. Apr. 13, 2015) (citing *Allen v. U.S. Steel Corp.*, 665 F.2d 689, 297 (5th Cir. 1982)) ("It is presumptively reasonable that a Defendant obtain copies of depositions noticed by Plaintiffs."). Plaintiff argues that because Jay and Bennett were represented by Liberty Mutual at their depositions, Liberty Mutual would have the unofficial copy and therefore the copies would not be necessary without any support in the case law. Section 1920 does not limit a prevailing party to costs for transcripts of witnesses they do not control. Even if a party has an unofficial transcript, official deposition transcripts are needed for use in litigation. *See* FED. R. CIV. P. 30(f). A deposition transcript that is not certified is not admissible. *See id.; see also Coach Inc. v. D 4 L Apparel*, CV. No. SA-11-CV-00185-DAE, 2013 WL 489658, at *6 (W.D. Tex. Feb. 7, 2013). Thus, regardless of whether the deponent is under the prevailing party's control, the costs are necessarily incurred. These deposition transcripts here

were not for the convenience of the attorneys but were reasonably necessary for use in litigation. *See* Perez Decl. at ¶¶ 7–8.

Plaintiff also objects to the expedited cost of the transcripts, again with no supporting case law. The Scheduling Order here mandated the expedited basis for the deposition transcripts. *See* Perez Decl. at ¶¶ 4, 7–8. The parties were diligent in their discovery efforts and mutually agreed to set all three depositions during the week of September 19, 2022. Liberty Mutual ordered an expedited transcript and received the transcripts on October 3, 2022. *See* Perez Decl. at ¶¶ 4, 7–8. Under the Scheduling Order, dispositive motions were due less than a month later, on October 17, 2022. The short deadline required the expedited transcripts and is thus an appropriate cost under Section 1920. *Ortiz v. Am. Airlines, Inc.*, No. 4:16-CV-151-A, 2020 WL 9421205, at *1 (N.D. Tex. Sept. 10, 2020).

Accordingly, Plaintiff's objections lack merit, and the Court should order the $5,966.01 for the deposition transcripts of (1) Jalecia Mosley; (2) Allyson Jay; and (3) Virginia Bennett.

## B.  The Court Should Award Printing Costs.

Plaintiff objects that Liberty Mutual has not shown that printing costs were necessary and argues that, without more, printing costs should be denied. Under the plain language of the statute, the "necessarily obtained for use in the case" does not apply to Section 1920(3) for printing fees. Printing fees and costs for copies are routinely granted in Texas district courts pursuant to § 1920(3)– (4). *Team Express Distrib. LLC v. Junction Sols., Inc.*, No. 5:15-CV-00994-DAE, 2020 WL 582958, at *2 (W.D. Tex. Feb. 6, 2020); *Ferrara v. 4JLJ, LLC*, No. 2:15-CV-182, 2017 WL 1130080, at *4 (S.D. Tex. Mar. 27, 2017); *Spear Mktg., Inc. v. Bancorpsoth Bank*, No. 3:12-CV-3583-B, 2016 WL 193586, at *14 (N.D. Tex. Jan. 14, 2016); *Entizne v. Smith Moorevision LLC*, No. 3:13-CV-2997-B, 2014 WL 1612394, at *5 (N.D. Tex. Apr. 22, 2014). Particularly when those

printing fees relate to the preparation of deposition or trial exhibits. *See Boltex Mfg. Co., L.P. v. Ulma Piping USA Corp.*, 2020 WL 598284, at *9 (S.D. Tex. Feb. 7, 2020), *Ferrara*, 2017 WL 1130080, at *4 (awarding fees for printing of pleadings, client files and exhibits for upcoming depositions among other costs); *Allstate Ins. Co. v. Receivable Fin. Co.*, No. 3:01-CV-2247-N, 2008 WL 11422527, at *3 (N.D. Tex. Apr. 22, 2008) (citing *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991)) (finding copies for preparation of trial and deposition exhibits necessary rather than copies that were unidentifiable).

Notwithstanding this well-settled precedent, printing costs should be awarded when they were necessarily done for use in the case and not made just for the convenience of counsel. *Fogleman*, 920 F.2d at 286; *In re ENTREC Corp.*, Case No. 20-32643, 2023 WL 1930864, at *3 (S.D. Tex. Feb. 10, 2023). The printing costs Liberty Mutual incurred were for exhibits used during Plaintiff's deposition, which included three volumes of text messages with Paul Feller. *See* Perez Decl. at ¶ 5. These text messages contained the near daily communication evidencing a longstanding friendship between Plaintiff and Feller characterized by frequent sexual banter and the degrading and sexually derogatory statements, some of which when provided to Liberty Mutual, served as the basis for Plaintiff's termination. *See* Perez Decl. at ¶ 6. The combined exhibits contain just under 850 pages of text messages. *See id.* It was also necessary to print in color to differentiate between text messages sent by Mosley and text messages sent by Feller. *See id.* The messages also included several pictures and memes. *See id.* These color copies were necessary for use in litigation to prevent confusion by the reader as to who was saying and sending what to whom.

Liberty Mutual obtained three copies of Plaintiff's deposition exhibits—one for the Plaintiff, which was marked as the deposition exhibit, one copy for Plaintiff's counsel as is

customary, and one for Liberty Mutual's counsel's use in the deposition. Perez Decl. at ¶ 6. To the extent the Court finds reduction necessary, the Court should reduce the fees incurred for printing by the cost of counsels' copies from $2,066.30 to one-third of that cost, which is $688.79.

### C. Liberty Mutual Is Entitled to Costs as the Prevailing Party.

On February 9, 2023, the Court entered judgment for Liberty Mutual: "It is therefore, **ordered adjudged, and decreed** that this action by Plaintiff Jalecia Mosley ("Plaintiff") against Liberty Mutual Insurance Company is **dismissed with prejudice**; that Plaintiff take nothing, *that all allowable and reasonable costs are taxed against Plaintiff*; and that all relief not expressly granted herein is **denied**." Doc. 54 (emphasis added).

Plaintiff argues that the Court should decline to award costs because it will deter plaintiffs from asserting their rights yet offers no case law to support this argument. Indeed, Plaintiff's sole support for this position is that "there is a strong presumption that the prevailing party will be awarded costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (citing *Delta Airlines, Inc. v. August*, 450 U.S. 346, 351 (1981)). Declining to award costs is the exception, not the rule. *See Armitage v. BNSF Ry. Co.*, No. 4:20-cv-00209-o-BP, 2021 WL 4993964, at *2 (N.D. Tex. Sept. 16, 2021) (quoting *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006)). Thus, the Fifth Circuit has recognized factors to consider when determining rather to decline costs: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *Id.* Plaintiff has not attempted to meet her burden as to any of these factors—instead, relying on a general principle. This argument cannot by itself justify declining to award costs. *Id.* ("That a suit was brought in good faith does not, by itself, justify denying a prevailing party's cost request."). Costs should be awarded.

### III.   CONCLUSION

For all these reasons, Liberty Mutual requests that the Court overrule Plaintiff's objections and award Liberty Mutual $8,051.14 ($5,965.01 pursuant to 28 U.S.C. § 1920(2), $2,066.38 pursuant to 28 U.S.C. § 1920(3), and $18.75 pursuant to 28 U.S.C. § 1920(4)). To the extent the Court finds reduction necessary, the Court should reduce Liberty Mutual's printing bill by the costs of counsels' copies from $2,066.38 to a third of that cost, which is $688.79, bringing the total to $6,672.55 in fees.

Dated:  March 9, 2023                    Respectfully submitted,


                                         /s/ Courtney Barksdale Perez
                                         Courtney Barksdale Perez
                                         Texas Bar No. 24061135
                                         cperez@carterarnett.com
                                         Stacey Cho Hernandez
                                         Texas Bar No. 24063953
                                         shernandez@carterarnett.com
                                         Monica Litle Goff
                                         Texas Bar No. 24012101
                                         mgoff@carterarnett.com
                                         **CARTER ARNETT PLLC**
                                         8150 N. Central Expressway, Suite 500
                                         Dallas, Texas 75206
                                         214-550-8188 – Telephone
                                         214-550-8185 – Facsimile

                                         **ATTORNEYS FOR DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

<div style="float:right; border:1px solid black;">

**EXHIBIT**

**A**

</div>

| | | |
|---|---|---|
| JALECIA MOSLEY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIV. ACTION NO. 3:21-cv-01699-L |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| *Defendant.* | § | |

## DECLARATION OF COURTNEY BARKSDALE PEREZ

I, Courtney Barksdale Perez, make the following declaration, in accordance with 28 U.S.C. § 1746 subject to penalty for perjury:

1.      "I am over 18 years of age, of sound mind, and capable of making this declaration. The facts stated in this declaration are within my personal knowledge and are true and correct.

2.      I am a Partner with the law firm Carter Arnett, PLLC and am duly licensed to practice law before the Courts of the State of Texas, the United States Court of Appeals for the Fifth Circuit, and the United States District Courts for the Northern, Eastern, Southern, and Western Districts of Texas.

3.      As an attorney for the Defendant Liberty Mutual Insurance Company ("Liberty Mutual") in the above-entitled matter, I have been directly involved in the discovery, motions, and pleadings in this matter.

4.      I deposed Plaintiff Jalecia Mosley in my representation of Liberty Mutual on September 20, 2022. At the time I took Plaintiff's deposition, I expected that her deposition transcript would be used as evidence in support of a motion for summary judgment and, if necessary, during trial preparation and during trial itself for impeachment purposes. Given the

dispositive motion deadline of October 17, 2022, I ordered Plaintiff's deposition transcript, on an expedited basis. *See* Scheduling Order [ECF No. 11]. I received a copy of the transcript on October 3, 2022. This was necessary based on the mutually agreed dates of depositions and the deadline for dispositive motions shortly thereafter. Plaintiff's deposition testimony was offered in support of Liberty Mutual's summary judgment motion.

5.      For Plaintiff's deposition, which took place in person at Plaintiff's counsel's office, I used a vendor, Mainstay Legal, to print Plaintiff's exhibits, which included three volumes of text messages with Paul Feller.

6.      These text messages contained the near daily communication evidencing friendship between Plaintiff and Feller characterized by frequent sexual banter and the degrading and sexually derogatory statements, some of which when provided to Liberty Mutual served as the basis for Plaintiff's termination. The combined exhibits contain just under 850 pages of text messages. I requested color copies of these text messages to help avoid confusion by the reader by differentiating between text messages sent by Plaintiff and text messages sent by Feller and because the messages included several pictures and memes. I ordered three copies of these text messages—one for the witness, which was marked as the deposition exhibit; one for opposing counsel; and one for me to use during Plaintiff's deposition.

7.      I also defended the deposition of Allyson Jay on September 22, 2022. Jay's deposition was noticed by Plaintiff. Jay is a Talent Operations Consultant with Liberty Mutual. Jay investigated Plaintiff's sexual harassment complaint against Paul Feller and the complaints Paul Feller made against Plaintiff. Jay was one of the two individuals who made the recommendation for Plaintiff's termination. At the time I defended Jay's deposition, I expected that her deposition transcript would be used in support of a motion for summary judgment and, if

necessary, during trial preparation and trial. I ordered Jay's deposition transcript, on an expedited basis. I received a copy of the transcript on October 3, 2022. This was necessary based on the timing of the motion for summary judgment deadline, which was shortly after the deposition took place. I used Jay's deposition testimony in Liberty Mutual's Motion for Summary Judgment. *See* Liberty Mutual Summary Judgment Appendix at p. 365–409 [ECF No. 29].

8.      I also defended the deposition of Virginia Bennett on September 23, 2022. Bennett's deposition was noticed by Plaintiff. Bennett was an Employee Relations Consultant with Liberty Mutual before her retirement. Bennett investigated the complaints Paul Feller made against Plaintiff. Bennett also recommended Plaintiff's termination. At the time I defended Jay's deposition, I expected that her deposition transcript would be used in support of a motion for summary judgment and, if necessary, during trial preparation and trial. I ordered Bennett's deposition transcript, on an expedited basis. I received a copy of the transcript on October 3, 2022. This was necessary based on the timing of the motion for summary judgment deadline, which was shortly after the deposition took place. I used Bennett's deposition testimony in Liberty Mutual's Motion for Summary Judgment. *See* Liberty Mutual Summary Judgment Appendix at p. 410–431 [ECF No. 29].

9.      The invoices attached in support of Liberty Mutual's Bill of Costs [ECF No. 55] are true and accurate copies of the invoices for the deposition transcripts and printing costs described above and were necessarily incurred in the case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 9th day of March 2023.

_____
Courtney Barksdale Perez