**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JALECIA MOSLEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:21-cv-01699-L** |
| | § | _____ |
| **LIBERTY MUTUAL,** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S REPLY IN SUPPORT OF OBJECTIONS TO DEFENDANT'S
BILL OF COSTS**

NOW COMES Plaintiff in the above referenced action, and file this her Reply in Support

of Objections to Defendant's Bill of Costs (Doc. No. 56), and in support thereof would show the

Court as follows:

I.

**Defendant's Declaration is Tardy**

A bill of costs under Rule 54 must normally be filed within 14 days following entry of

the Judgment.  Fed. R. Civ. P. 54(d).  The Bill of Costs form provided by the Clerk makes clear

that a bill of costs must be supported by an affidavit explaining that costs were necessarily

incurred. (Doc. No. 55 at 2) Having failed to properly support it's Bill of Costs when initially

due, Defendant now seeks after its deadline to supply conclusory allegations of the necessity of

the overpriced depositions it says it needs. Plaintiff objects, and moves the late declaration be

stricken.

II.

**Fees for Depositions**

Plaintiff's Objections to Defendant's Bill of Costs - Page 1

Missing from Defendant's tardy declaration is the amount extra charged for the expedited deposition of Ms. Mosley, how much faster the expedited service delivered the transcript, and why the cost differential was necessary in this case. While it may have been more convenient to counsel to have the transcript sooner, the convenience of counsel is insufficient to render an expense "necessary" and therefore recoverable as costs. Where an expense was not strictly necessary, but was obtained merely for the convenience of counsel, it is not recoverable. *See, Fogleman v. ARAMCO (Arabian Am. Oil Co.),* 920 F.2d 278, 286 (5th Cir. 1991)("Additional charges incurred merely for the convenience of one party's counsel should not be taxed to the other.")

Similarly, copies of depositions of its own witnesses, and especially expedited copies are not "necessary." Witnesses under the control of a party can just as easily provide declarations in support of a motion for summary judgment without the added expense of a deposition. Further, there is no showing that either of these witnesses would have been unavailable at trial, so that the "unofficial" copy of the transcripts provided to counsel for the witnesses should have been more than adequate to prepare for summary judgment and trial practice. In short, even should the Clerk consider the late declaration now tendered in support of the costs, there is no support for the necessity of taxing the copies of the depositions of Bennett or Jay, and certainly not for charges to expedite these transcripts.

III.

<u>**Copy Charges**</u>

Costs of photocopies necessarily obtained for use in the litigation are recoverable upon proof of necessity. 28 U.S.C. § 1920(4); *see Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th

Cir. 1994). The prevailing party need not "identify every xerox copy made for use in the course of legal proceedings." *Fogleman*, 920 F.2d at 286. However, it must demonstrate some nexus between the costs incurred and the litigation. *Id*. Charges for multiple copies of documents, attorney correspondence, and other such items are not recoverable. *Id*. *Interstate Contr. Corp. v. City of Dallas*, 2002 U.S. Dist. LEXIS 1496, 14-15 (N.D. Tex. Jan. 31, 2002). Defendant must also establish the rate for the copying was reasonable, and explain any additional charges.

Here, Defendant acknowledges multiple copies of the same document. Even allowing reduction for such multiple documents, it fails to justify the 75 cents per color page. A simple search online found FedEx Office willing to print color copies for $0.54 per page, which is substantially below the quoted rate. There is no explanation of competitive bids, or that cheaper alternatives were unavailable.

IV.

**The Clerk Should Decline Costs**

Although Rule 54(d) directs that costs shall be awarded to the prevailing party, it contains the caveat, "unless the court otherwise directs." Fed. R. Civ. P. 54(d). Rule 54(d) thus confers on the district court the discretion not to award costs to a prevailing party. *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. Tex. 1985). Defendant points out that a number of factors can support such a decision, including "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985). Here, of course, the Defendant found real harassment following Plaintiff's complaint which resulted in multiple terminations, and as a national insurance company has immense financial resources compared to Plaintiff, a fired

employee. The Court and Clerk should decline to award any costs, especially with the limited justification provided by Defendant.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays the Clerk and the Court deny Defendant's Bill of Costs.

Respectfully submitted,

KILGORE & KILGORE, PLLC

By: _/s/ John H. Crouch, IV_____
     JOHN H. CROUCH, IV.
     State Bar No.  00783906
     jhc@kilgorelaw.com

KILGORE LAW CENTER
3141 Hood Street, Suite 500
Dallas, TX  75219
(214) 969-9099 - Telephone
(214) 953-0133 - Fax

**ATTORNEYS FOR PLAINTIFF**
**JALECIA MOSLEY**

## Certificate of Service

I hereby certify that on this 23rd day of March, 2023, a true and correct copy of this document was sent to the following:

**Via ECF**
Courtney Barksdale Perez       cperez@carterarnett.com
Monica Litle Goff       mgoff@carterarnett.com
CARTER ARNETT PLLC
8150 N. Central Expressway, Suite 500
Dallas, Texas 75206

_/s/ John H. Crouch, IV_____
**JOHN H. CROUCH, IV**