IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JALECIA MOSLEY, § <br> § <br> Plaintiff, § <br> § <br> V. § <br> § No. 3:21-cv-1699-L <br> LIBERTY MUTUAL INSURANCE § <br> COMPANY, § <br> § <br> Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendant Liberty Mutual Insurance Company filed a Bill of Costs under Federal Rule of Civil Procedure 54(d) and Northern District of Texas Local Civil Rule 54.1. *See* Dkt. No. 55.

Plaintiff Jalecia Mosley then filed Objections to Defendant's Bill of Costs. *See* Dkt. No. 56. Liberty Mutual responded, *see* Dkt. No. 57, and Mosley filed a reply, *see* Dkt. No. 58.

United States District Judge Sam A. Lindsay referred the Bill of Costs to the undersigned United States magistrate judge for hearing, if necessary, and to submit proposed findings and recommendations for disposition under 28 U.S.C. § 636(b) and an order of reference. *See* Dkt. No. 60.

For the reasons and to the extent explained below, the Court should grant in part and deny in part Defendant's Bill of Costs [Dkt. No. 55] and sustain in part and overrule in part Plaintiff's Objections to Defendant's Bill of Costs [Dkt. No. 56].

## Background

The Court granted Defendant Liberty Mutual Insurance Company's Motion for Summary Judgment [Dkt. No. 27], *see* Dkt. No. 53, and entered Judgment [Dkt. No. 54], which provided "that all allowable and reasonable costs are taxed against Plaintiff Jalecia Mosley," Dkt. No. 54 at 1.

Liberty Mutual then filed its Bill of Costs requesting taxable costs in the amount of $8,051.14. *See* Dkt. No. 55 at 1. That amount includes (1) $5,966.01 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (2) $2,066.38 for fees and disbursements for printing; and (3) $18.75 for fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. *See id.*

Mosley objects to Liberty Mutual's request to tax $5,966.01 for depositions and copies of depositions for the depositions of Jalecia Mosley, Virginia L. Bennett, and Allyson E. Jay and $2,066.38 for printing. *See* Dkt. No. 56. She does not object to the requested $18.75 for copying. *See id.*

## Legal Standards

"Federal Rule of Civil Procedure 54(d)(1) permits a district court to provide costs, other than attorney's fees, to the 'prevailing party.'" *Mercer v. Patterson-UTI Drilling Co., L.L.C.*, 717 F. App'x 400, 406 (5th Cir. 2017) (per curiam). And, in this circuit, the "rule is that: Unless a federal statute, the Federal Rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." *Vital v. Nat'l Oilwell Varco, L.P.*, 685 F. App'x 355, 360 (5th Cir.

2017) (per curiam) (cleaned up); *see also Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586 (5th Cir. 2006) ("There is a strong presumption under Rule 54(d)(1) that the prevailing party will be awarded costs.").

28 U.S.C. "§ 1920 defines the term 'costs' as used in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Section 1920 provides that

> a judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

The United States "Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Cook Children's Med. Ctr. v. The N. Engl. PPO Plan of Gen. Consolidation Mgmt. Inc.*, 491 F.3d 266, 274 (5th Cir. 2007) (cleaned up). "Taxable costs are limited to relatively minor, incidental expenses as is evident from [28 U.S.C.] § 1920" and "are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators," such that "costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012) (cleaned up). In short, "taxable costs are limited by statute and are modest in scope." *Id.*

The party seeking recovery of costs bears the "burden of justifying the necessity of obtaining the depositions and copies at issue." *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991). The Court "may decline to award the costs listed in the statute but may not award costs omitted from the list." *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993) (cleaned up). That is,

> a district court may, but is not required to, deny a prevailing party costs where suit was brought in good faith and denial is based on at least one of the following factors: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources."

*Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018) (quoting *Pacheo v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (citing, in turn, 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2668 at 234 (1998))).

In *Pacheo*, the United States Court of Appeals for the Fifth Circuit "withheld judgment on whether 'any of the above factors is a sufficient reason to deny costs.'" *Id.* (quoting *Pacheo*, 448 F.3d at 794 n.18; cleaned up). But the Fifth Circuit later held that a district court may not deny a prevailing party "its costs because of its comparative ability to more easily bear the costs" – a holding that "is especially applicable in the light of the 'strong presumption that the prevailing party will be awarded costs,'" *id.* (quoting *Pacheco*, 448 F.3d at 793). Relatedly, the Court of Appeals has "never held that the 'limited resources' of the losing party provide a basis for denying the prevailing party its costs." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015) (citation omitted).

## Analysis

### I.  Declaration in Support of Bill of Costs

Northern District of Texas Local Civil Rule 54.1 provides that "[a] party awarded costs by final judgment or by judgment that a presiding judge directs be entered as final under Fed. R. Civ. P. 54(b) must apply to the clerk for taxation of such costs by filing a bill of costs in a form approved by the clerk. Unless otherwise provided by statute or by order of the presiding judge, the bill of costs must be filed with the clerk and served on any party entitled to such service no later than 14 days after the clerk enters the judgment on the docket." N.D. TEX. L. CIV. R. 54.1.

28 U.S.C. § 1924 provides that, "[b]efore any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." The Clerk's form Bill of Costs includes a Declaration stating: "I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed." Dkt. No. 55 at 1. It also directs the prevailing party to "[a]ttach to your bill an itemization and documentation for requested costs in all categories." *Id.*

Liberty Mutual's counsel executed that required declaration in the Bill of Costs that Liberty Mutual filed on February 23, 2023, 14 days after the Court's entry of the

Court's Judgment. *See* Dkt. No. 54; Dkt. No. 55. And Liberty Mutual attached the invoices supporting the costs that it seeks to recover. *See* Dkt. No. 55. Liberty Mutual timely filed the required materials with its Bill of Costs.

Having done so, "[i]f the party against whom costs are sought does not object, a presumption arises that the costs were necessarily incurred and will be taxed," but "[a]n objection shifts that burden to require the party seeking costs to show that the costs were necessary." *Tempest Publ'g, Inc. v. Hacienda Records & Recording Studio, Inc.*, 141 F. Supp. 3d 712, 717 (S.D. Tex. 2015) (cleaned up).

Once Mosley objected, Liberty Mutual appropriately responded to show that the costs that it seeks to recover are necessary, and it supported that showing through its counsel's declaration. *See* Dkt. No. 57.

The Court should decline Mosley's request to strike the supporting Declaration of Courtney Barksdale Perez [Dkt. No. 57 at 8-10 of 10].

## II.  Deposition Transcripts

The cost of a deposition is taxable if the court finds that "all or any part [of the deposition] was necessarily obtained for use in the case." *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales, inc.*, 729 F.2d 1530, 1532 (5th Cir. 1984). And a deposition need not be introduced into evidence for it to be considered necessary for a case; "as long as there is a reasonable expectation that the deposition may be used for trial preparation, it may be included in costs." *Stearns Airport Equip. Co., Inc. v. FMC Corp.,* 170 F.3d 518, 536 (5th Cir. 1999); *see also Allstate Ins. Co. v. Plambeck*, 66 F. Supp.3d 782, 787 (N.D. Tex. 2014). Section 1920(2) authorizes recovery of the costs a

transcript so long as, at the time that the transcript was made, it could reasonably be expected to be used during trial or for trial preparation, rather than for the mere convenience of counsel or merely for discovery. *See Plambeck*, 66 F. Supp. 3d at 790.

As Liberty Mutual explains in its response, Mosley "objects that the deposition transcripts of Plaintiff Jalecia Mosley (noticed by Liberty Mutual) and two fact witnesses involved in investigations into Jalecia Mosley, Allyson Jay and Virginia Bennett (noticed by Plaintiff), were unnecessary." Dkt. No. 57 at 2. As Liberty Mutual correctly notes, the Court should not deny recovery of costs for transcripts of a party's own witnesses only because, as Mosley argues, Liberty Mutual may have had access to the witnesses' review copies or could have provided declarations in support of a motion for summary judgment without the added expense of a deposition transcript. "Section 1920 does not limit a prevailing party to costs for transcripts of witnesses they do not control." Dkt. No. 57 at 3.

Rather, once a witness is deposed, a party may recover costs for a deposition and its transcript so long as the deposition testimony could reasonably be expected to be used during trial or for trial preparation. And Liberty Mutual's counsel attests that, "[a]t the time these depositions were taken, Liberty Mutual reasonably expected to use Plaintiff's deposition testimony and the two Liberty Mutual employees who investigated the complaints at issue in support of its motion for summary judgment and, if necessary, at trial," and "Liberty Mutual used all three deposition transcripts in its appendix for its motion for summary judgment." Dkt. No. 57 at 3.

Mosley also objects that "all three deposition invoices reflect that the high cost of the transcripts was due at least in part to 'expedited delivery' charges and/or rates" and that she "should not be required to shoulder this additional expense." Dkt. No. 56 at 3. Liberty Mutual responds that "[t]he Scheduling Order here mandated the expedited basis for the deposition transcripts"; that "[t]he parties were diligent in their discovery efforts and mutually agreed to set all three depositions during the week of September 19, 2022"; that "Liberty Mutual ordered an expedited transcript and received the transcripts on October 3, 2022"; that. "[u]nder the Scheduling Order, dispositive motions were due less than a month later, on October 17, 2022"; and that "[t]he short deadline required the expedited transcripts and is thus an appropriate cost under Section 1920." Dkt. No. 57 at 4.

The Fifth Circuit has explained that, where a prevailing defendant claimed that "it needed expedited transcripts to file its dispositive motions on time, since the last of [a relator's] depositions took place one month before the deadline," and even where "[i]t appear[ed] that both sets of depositions took place between ten days and one month before a dispositive motions deadline set by joint scheduling order," "we have held that a copy of a deposition obtained on an expedited basis is not taxable unless prior court approval of expedition has been obtained or the special character of the litigation necessitates expedited receipt of the transcript." *U.S. ex rel. Long*, 807 F.3d at 132 (cleaned up). In that case, the Court of Appeals held that "[t]he character of this litigation does not suggest that [the defendant] could not have

- 8 -

obtained an extension to file dispositive motions, nor that the timing was particularly crucial." *Id.* (cleaned up).

But the same cannot be said in this case. The Court's Scheduling Order [Dkt. No. 11] did not suggest that the parties could not have obtained an order extending the dispositive motions deadline. But the Court's Scheduling Order made clear that any request for extension must include a request to reset the trial setting and that "any request to extend the deadline for filing a summary judgment motion, response, or reply for more than three days **will** result in a continuance of the trial date." Dkt. No. 11 at 8-9.

Under these circumstances, the Court should accept Liberty Mutual's explanation that the case's deadlines necessitated the expedited transcripts; determine that the costs for expedited deposition transcripts were necessary and that Defendants should recover the requested deposition costs; and overrule Mosley's objections to Liberty Mutual's request to tax $5,966.01 for depositions.

### III.  Printing

Under 28 U.S.C. § 1920(4), "reproductions necessarily obtained for use in the case are included within taxable costs, provided that the prevailing party demonstrates that necessity." *Fogleman*, 920 F.2d at 286. Although it is not necessary for "a prevailing party to identify every xerox copy made for use in the course of legal proceedings, [a court will] require some demonstration that reproduction costs necessarily result from that litigation." *Id.* (cleaned up). The Fifth Circuit has explained that "[the losing party] should be taxed for the cost of reproducing relevant

documents and exhibits for use in the case, but should not be held responsible for multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's xerox machines." *Id*. While taxable costs include charges for "copies made as part of discovery and the copies of documents filed with the court," "[e]xtra copies for the convenience of counsel are not considered necessary for these purposes and therefore not taxed as costs." *Iniekpo v. Avstar Int'l Corp.*, No. SA-07-CA-879-XR, 2010 WL 3909321, at *2 n.21 (W.D. Tex. Sept. 30, 2010).

28 U.S.C. § 1920(3) authorizes the assessment of "[f]ees and disbursements for printing" and, unlike 28 U.S.C. §§ 1920(2) and 1920(4), does not include the phrase "necessarily obtained for use in the case." And this Court has noted that "[t]he statute governing taxable costs does not define 'printing'" and that "the undersigned is unaware of any decision in which a court has interpreted the meaning of 'printing' – or its simple form, 'print' – in the context of Section 1920(3)." *Gonzales v. Pan Am. Lab'ys, L.L.C.*, No. 3:14-cv-2787-L, 2018 WL 2321896, at *5 (N.D. Tex. May 4, 2018), *rep. & rec. adopted*, 2018 WL 2317749 (N.D. Tex. May 22, 2018).

Mosley objects that, in support of its Section 1920(3) request for taxable costs for printing, Liberty Mutual "provides nothing but a bill with no supporting affidavit, no explanation for why color copies were allegedly necessary for virtually everything at a cost of 75 cents per page when black and white copies could be obtained for 10 cents per page, what was copied, or how the documents fell under the category of those allowed to be recovered as costs." Dkt. No. 56 at 3.

- 10 -

Liberty Mutual responds that, although the "necessarily obtained for use in the case" requirement does not apply to Section 1920(3) for printing fees, "printing costs should be awarded when they were necessarily done for use in the case and not made just for the convenience of counsel." Dkt. No. 57 at 4-5. And Liberty Mutual, supported by its counsel's declaration, explains that "[t]he printing costs Liberty Mutual incurred were for exhibits used during Plaintiff's deposition, which included three volumes of text messages with Paul Feller"; "[t]hese text messages contained the near daily communication evidencing a longstanding friendship between Plaintiff and Feller characterized by frequent sexual banter and the degrading and sexually derogatory statements, some of which when provided to Liberty Mutual, served as the basis for Plaintiff's termination"; "[t]he combined exhibits contain just under 850 pages of text messages"; "[t]t was also necessary to print in color to differentiate between text messages sent by Mosley and text messages sent by Feller"; "[t]he messages also included several pictures and memes"; and "[t]hese color copies were necessary for use in litigation to prevent confusion by the reader as to who was saying and sending what to whom." Dkt. No. 57 at 5 (cleaned up).

That meets the standard under Section 1920(4) as necessarily obtained for use in the case.

Mosley replies with a new objection that the rate that Liberty Mutual paid for color printing was excessive or, at least, not proven not to be excessive. *See* Dkt. No. 58 at 2-3. But that was not part of Mosley's original objections, which instead generally asserted that Liberty Mutual "must also establish the rate for the copying

was reasonable" and complained that Liberty Mutual had offered "no explanation for why color copies were allegedly necessary for virtually everything at a cost of 75 cents per page when black and white copies could be obtained for 10 cents per page." Dkt. No. 56 at 3. "Arguments raised for the first time in a reply brief are generally waived, as the responding party is deprived of the opportunity to respond to the new argument." *Robles v. Eminent Med. Ctr., LLC*, 619 F. Supp. 3d 609, 626 (N.D. Tex. 2022) (cleaned up).

But, even if not waived, the Court should reject Mosley's argument that Liberty Mutual "fails to justify the 75 cents per color page" because "[a] simple search online found FedEx Office willing to print color copies for $0.54 per page, which is substantially below the quoted rate," and "[t]here is no explanation of competitive bids, or that cheaper alternatives were unavailable." Dkt. No. 58 at 3. Section 1920 permits recovery of a prevailing party's taxable costs for fees and disbursements for printing that the party actually incurred – and, here, has established were necessarily obtained for use in the case. Mosley points to no governing law requiring the prevailing party to establish that its counsel comparison-shopped competing rates to the losing party's satisfaction. And Mosley's counsel's pointing to an online search for services at the time of filing the reply does not support a finding that paying $0.75 per page in September 2022 was excessive where it does not provide a "relevant comparison point – such as evidence of other [rates for color printing available in] the same location on the same day." *Honestech, Inc. v. Sonic Sols.*, 725 F. Supp. 2d 573, 584 (W.D. Tex. 2010), *aff'd*, 430 F. App'x 359 (5th Cir. 2011).

But Liberty Mutual also explains that it "obtained three copies of Plaintiff's deposition exhibits – one for the Plaintiff, which was marked as the deposition exhibit, one copy for Plaintiff's counsel as is customary, and one for Liberty Mutual's counsel's use in the deposition" and that, "[t]o the extent the Court finds reduction necessary, the Court should reduce the fees incurred for printing by the cost of counsels' copies from $2,066.30 to one-third of that cost, which is $688.79." Dkt. No. 57 at 5-6.

The Court should adopt this suggestion where courts generally do not allow recovery under Section 1920 of costs for multiple copies of documents or extra copies for the convenience of counsel and where, while one set of color prints may properly fall under Section 1920(3), the costs for the second and third sets may be better understood as costs for "making copies of any materials" that would only be recoverable under Section 1920(4).

The Court should sustain in part Mosley's objections to Liberty Mutual's request to tax $2,066.38 for fees and disbursements and should award only $688.79 for printing costs under Section 1920(3).

### IV. Request for Discretionary Denial of Taxable Costs

Mosley also argues that, where "Rule 54(d) thus confers on the district court the discretion not to award costs to a prevailing party," "[t]he Court should decline to award costs in this case for danger that such an award will deter plaintiffs in the future from asserting their civil rights." Dkt. No. 57 at 4.

But Mosley has not met her burden to show any of the factors that the Fifth Circuit has explained could support a discretionary denial of costs: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *Smith*, 909 F.3d at 753 (cleaned up).

The Court should deny Mosley's request to decline to award any taxable costs.

## Recommendation

The Court should should grant in part and deny in part Defendant's Bill of Costs [Dkt. No. 55] and sustain in part and overrule in part Plaintiff's Objections to Defendant's Bill of Costs [Dkt. No. 56] and tax allowable and reasonable costs against Plaintiff Jalecia Mosley in the amount of $6,672.55, made up of $5,965.01 under 28 U.S.C. § 1920(2), $688.79 under 28 U.S.C. § 1920(3), and $18.75 under 28 U.S.C. § 1920(4).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 28, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE